O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 13-1181-DOC　　　　　　　　　　　　Date: January 24, 2014
Criminal Case No. SACR 01-0075-DOC

Title: OLATEJU OLABANJI v. UNITED STATES OF AMERICA

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

　　Julie Barrera　　　　　　　　　　　　　　Not Present
　　Courtroom Clerk　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:
　　　　None Present　　　　　　　　　　　　　　None Present

**PROCEEDINGS (IN CHAMBERS):　　ORDER GRANTING UNITED STATES' MOTION TO DISMISS [6]**

　　　Before the Court is the Motion to Dismiss Case ("Motion" or "Mot.") filed by Respondent United States of America ("United States") (Dkt. 6). After considering the moving papers and reply, and exhibits attached thereto, the Court GRANTS the United States' Motion.

## I. BACKGROUND

　　　On October 22, 2001, Petitioner Olateju Olabanji ("Mr. Olabanji") pled guilty to conspiracy to use one or more access devices. Motion Under 28 U.S.C. § 2255 ("§ 2255 Motion") at 5. Mr. Olabanji was a legal permanent resident of the United States, but a citizen of Nigeria. *Id.* Prior to pleading guilty, Mr. Olabanji's attorney, Michael Curls, informed him that he "may" or "could" be deported as a consequence of his plea. *Id.* If he had known for certain that he would be deported, then he would not have pled. *Id.*

　　　This Court confirmed with Mr. Olabanji that, "[he] underst[ood] that this conviction could result in [his] deportation." *Id.* Petitioner pled guilty, and this Court sentenced him to 18 months in prison. *Id.* Now, after a subsequent criminal conviction, Mr. Olabanji is being deported. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1181-DOC                                                                      Date: January 24, 2014
Criminal Case No. SACR 01-0075-DOC

Page 2

Mr. Olabanji moves to vacate, set aside, or correct the January 28, 2002 sentence pursuant to 28 U.S.C. § 2255.  *See generally id.*

## II. DISCUSSION

28 U.S.C. § 2255 provides that a "1-year period of limitation" applies and begins to run from "the date on which the judgment of conviction becomes final."  When the defendant does not seek an appeal, the conviction becomes final when the time to file a notice of appeal expires.  *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).  Here, there is no dispute that defendant's judgment was entered on February 27, 2002 and he had until March 13, 2002 to appeal the judgment.  Mr. Olabanji did not file an appeal, so he had until March 13, 2003 to file his § 2255 Motion.  There is no dispute that Mr. Olabanji's Motion is facially untimely.

Mr. Olabanji's main contention is that the statute of limitations should be tolled because he did not order a trial transcript until after he was placed in immigration custody on July 8, 2013.  Response at 2.  In short, he argues that his prior attorney provided him ineffective assistance by failing to object to this Court's characterization that he *could* be deported, and Mr. Olabanji did not realize the mistake until more than ten years later, when he finally ordered a transcript of the 2002 hearing.  *Id.* at 3.

"[A] litigant seeking equitable tolling [of the one-year AEDPA limitations period] bears the burden of establishing two elements: (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The diligence required of petitioners is "reasonable diligence" and not "maximum feasible diligence."  *Holland v. Florida*, 130 S. Ct. 2549 (2010).  Nevertheless, "the threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F.3d 1062, 1066 (9th Cir. 2002).  The high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotations and citations omitted).

Mr. Olabanji maintains that he "exercised reasonable diligence in pursuing his legal rights."  Response at 2-3.  The Court disagrees.  The plea hearing transcript has been available to Mr. Olabanji since April 1, 2002.  He has waited over ten years to read it over; he did not exercise "reasonable diligence."  Furthermore, Mr. Olabanji pleads no extraordinary circumstance that stood in his way.  In short, the circumstances of this case

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1181-DOC  Date: January 24, 2014
Criminal Case No. SACR 01-0075-DOC

Page 3

fall far short of the "threshold necessary to trigger equitable tolling under [the] AEDPA." *See Castro*, 292 F.3d at 1066.

 Therefore, the Court finds that Mr. Olabanji's § 2255 Motion is time-barred because it is ten years after the limitations period ran and he has not shown that equitable tolling is warranted.

### III. DISPOSITION

 For the reasons explained above, the Court hereby GRANTS the United States' Motion, and Mr. Olabanji's case is DISMISSED WITH PREJUDICE.

 The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                   Initials of Deputy Clerk:  jcb